

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 26, 1960

Dr. James A. Turman
Executive Director
Texas Youth Council
State Office Building
Austin, Texas

Opinion No. WW-828

Re: Does the Texas Youth
Council have authority,
under existing law, to
establish a new institu-
tion or school when funds
are available for that
purpose, and related
questions.

Dear Dr. Turman:

You have requested the opinion of this office in
answer to certain questions with reference to the establish-
ment of a new school or institution.  Your first question is
as follows:

"1.  Does the Texas Youth Council
have the authority under existing law
(Article 5143d, Section 26 (a) and (b)
to establish a new institution or school
when funds are available for the purpose?"

Section 26, Article 5143d, Vernon's Civil Statutes,
provides:

"When funds are available for the
purpose, the Youth Council may:

"(a) Establish and operate places
for detention and diagnosis of all de-
linquent children committed to it;

"(b) Establish and operate addition-
al treatment and training facilities, in-
cluding forestry or parks- maintenance
camps and boys' ranches, necessary to
classify and segregate and handle juve-
nile delinquents of different ages, habits
and mental and physical condition accord-
ing to their needs;"

We are of the opinion that this question is answered in the affirmative. The Texas Youth Council, which was created by the 55th Legislature in 1957, was granted the control and administration of the State's correctional facilities for delinquent children. At the time of its creation, the Legislature recognized the fact that the correctional facilities were crowded and totally inadequate. Realizing the need for new facilities, the Legislature provided this method of establishing new schools and institutions by the Youth Council when funds are available.

Your second question is as follows:

"2. Does House Bill 4, Article II, Section 1, Line Item 13, Appropriations for the Texas Youth Council (Central Office), provide funds for the Texas Youth Council to construct a new school for delinquent boys, at Gatesville?"

This question is likewise answered in the affirmative for the General Appropriation Bill (House Bill 4, Acts, 56th Legislature, Third Called Session, 1959, Chapter 23, page 487), provides:

"13. For construcing, equipping, furnishing, paying architect's fees, and perimeter fencing of a new school for delinquent boys to be loacted at Gatesville . . . . . . . . . . . . . .1,998,000."
(Emphasis added).
Your third question reads as follows:

"3. If your answers to the above questions are in the affirmative, has the Legislature created a New State Institution separate and apart from the existing Gatesville School for Boys?"

The above quoted portion of the General Appropriation Bill provides funds for a "new school for delinquent boys to be located at Gatesville." The language used by the 56th Legislature is very plain and explicit. They have appropriated funds for a "new school" and nowhere do they indicate that this new school shall be part of or even contiguous to the existing State School for Boys at Gatesville. However, it should be noted that it does not follow that the new school could not be

contiguous to the existing State school. In view of this, it is our opinion that the Legislature has provided funds for the establishment of a New State Institution that is separate and apart from the existing institution now located at Gatesville.

Your fourth question is:

"4. If your answers to the above questions are in the affirmative, will additional statutory authority be required before the Council can request, and the Legislature appropriate, the necessary funds for the operation of the new school?"

Section 44 of Article III of the Texas Constitution provides that appropriations must be authorized by pre-existing law. We are of the opinion that Section 26 of Article 5143d, Vernon's Civil Statutes, constitutes pre-existing law upon which appropriations may be made. Therefore, additional statutory authority will not be required before the Council can request and the Legislature appropriate funds necessary for the operation of the new school.

## SUMMARY

The Texas Youth Council has authority under Section 26 of Article 5143d, Vernon's Civil Statutes, to establish new schools when funds are available for that purpose.

House Bill 4, Article II, Section 1, provides funds for the construction of a new school for delinquent boys at Gatesville, and it will be separate and apart from the existing Gatesville State School for Boys.

Dr. James A. Turman, page 4 (WW-828).

Additional statutory authority will
not be required before the Legislature
may appropriate operating expenses for
the new school.

Yours very truly,

WILL WILSON
Attorney General of Texas

By James M. Farris
Assistant

JMF:mfh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Martin DeStefano
John L. Estes
Robert T. Lewis
Donald R. Benard

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore